**FILED**

MAR **3 1** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIC RODNEY HILL,                              :
                                               :
                Plaintiff,                     :
                                               :
        v.                                     :     Civil Action No. **08  0563**
                                               :
SUPERIOR COURT OF THE                          :
DISTRICT OF COLUMBIA, *et al.*,                :
                                               :
                Defendants.                    :

<u>**MEMORANDUM OPINION**</u>

This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.

Petitioner alleges that the Superior Court judge presiding over his criminal case and the attorneys prosecuting that case violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. *See* Compl. at 3 (page numbers designated by the Court). He challenges their authority to bring him to trial; he accuses them of kidnapping and false imprisonment; he alleges that they committed acts of malfeasance and misfeasance. *See id.* at 2. In addition, plaintiff alleges that defendants violated federal criminal statutes in depriving him of his civil rights. *Id.* at 3. He demands damages totalling $100,000. *Id.* at 35.

To the extent that plaintiff seeks damages for his allegedly invalid conviction, he fails to state a claim upon which relief can be granted. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

1



sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ for habeas corpus.

*Heck v. Humphrey*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table).  Absent a showing that plaintiff's conviction or sentence has been invalidated, he cannot recover damages in this action.

"The rationale of *Heck* applies equally to claims against federal officials in [] actions" brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam).  Because plaintiff does not show that his conviction has been reversed, expunged, or otherwise declared invalid, to the extent that he raises *Bivens* claims against defendants, the claims are barred.  *Id.* at 1341; *see, e.g., Linder v. Friedman*, No. 3:07CV292, 2008 WL 80228, at *4 (E.D. Va. Jan. 7, 2008) (adopting Magistrate Report and Recommendation that plaintiff's claim against sentencing judge for alleged due process violations in conjunction with conviction and sentence was barred under *Heck*).

Moreover, judges generally enjoy absolute immunity from liability for damages for acts committed within their judicial jurisdiction.  *See Mirales v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646  (1872).  Similarly, prosecutors generally are immune from suit when they act within the scope of their duties in pursuing a criminal prosecution.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).

Lastly, there is no private right of action under a criminal statute.  *See Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005); *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003).

For these reasons, the Court will dismiss the complaint because it fails to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion will be issued separately on this date.

Rosemary M Colly

United States District Judge

Date: 25 March 2008